RUTAN & TUCKER LLP
　　Maria Z. Stearns (State Bar No. 230649)
　　Kenneth J. Zielinski (State Bar No. 258555)
611 Anton Blvd., Suite 1400
Costa Mesa, California 92626
Phone: (714) 641-5100
Facsimile: (714) 546-9035
Email: mstearns@rutan.com
Email: kzielinski@rutan.com

VORYS, SATER, SEYMOUR AND PEASE LLP
　　Michael J. Ball (Ohio Bar No. 0084150)*
52 East Gay St.
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6436
Facsimile: (614) 719-4650
Email: mjball@vorys.com
**pro hac vice application to be filed*

*Attorneys for Plaintiff*
*GREIF PACKAGING LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREIF PACKAGING LLC,<br><br>　　　　Plaintiff,<br>　vs.<br><br>TEAMSTERS DISTRICT COUNCIL 2, LOCAL 388M,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT TO VACATE LABOR ARBITRATION AWARD** |

　　　　Plaintiff Greif Packaging LLC ("Greif" or "Plaintiff"), by its attorney, brings this action to vacate an Arbitration Decision and Award ("Award") arising out of an arbitration between Greif Packaging LLC and Teamsters District Council 2, Local 388M, the union representing Greif's production and maintenance employees at its La Palma, California plant. In the Award at issue, the Arbitrator exceeded his

authority under the Collective Bargaining Agreement ("CBA" or "Agreement") and the law by violating the express terms of the CBA that he was contractually obligated to interpret and apply. Accordingly, Greif respectfully asks this Court to vacate the improper Award. In support hereof, Grief alleges as follows:

## PARTIES

1. At all times relevant to this dispute, Greif Packaging LLC was an employer within the meaning of Section 2 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Greif is headquartered in Delaware, Ohio.

2. At all times relevant hereto, Greif was engaged in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. § 185.

3. Defendant Teamsters District Council 2, Local 388M (the "Union" or "Defendant") is an unincorporated association commonly known and referred to as a labor union. The Union is a local affiliate of the International Brotherhood of Teamsters and is, and at all times mentioned herein has been, a representation of production and maintenance employees employed by Greif at its La Palma, California plant. As such, the Union is, and at all times mentioned herein was, a labor organization representing employees in an industry affecting commerce, as defined in Section 501 of the LMRA (29 U.S.C. § 142) and Section 2 of the NLRA (29 U.S.C. § 152) and within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

4. The Union was recognized by Greif as the exclusive collective bargaining representative for a bargaining unit of production, maintenance, warehouse, and truck driver workers employed by Greif in its La Palma, California plant. Defendant has offices located in Fullerton and Livermore, CA, and Portland.

5. At all times relevant hereto, Greif and the Union were signatories to a collective bargaining agreement, effective from October 16, 2016 through October 15, 2019, which provides for the arbitration of disputes regarding the interpretation

and application of the Agreement. A true and correct copy of the Agreement negotiated by the parties is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This is an action to vacate a labor arbitration award issued pursuant to a collective bargaining agreement. This action arises under Section 301 of the LMRA (29 U.S.C. § 185) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.

7. This Court has jurisdiction of this matter under § 301 of the LMRA, the FAA, and 28 U.S.C. §§ 1331 and 1337.

8. Venue in this District is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 185. This judicial district embraces the area in which Defendant's La Palma plant is located.

9. This action was timely filed. A true and correct copy of the Award is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

10. On October 16, 2016, Greif and the Union signed and thereby entered into the CBA, which governed the terms and conditions of employment for production and maintenance employees employed by Greif at its La Palma plant ("Covered Employees").

11. The Union and their officers and the covered employees they represent are under a duty to abide by the provisions of the CBA.

12. Section 19.01 sets forth a provision on "Wages," which stated that all employees would be compensated at salaries provided for in Schedule A to the CBA. It states, in relevant part, as follows:

> The wage scale for the various classifications and jobs covered by this Agreement are set forth in Schedule "A" attached to this Agreement and is hereby a part of this Agreement.

13. Schedule A of the CBA sets forth wage rates to be paid to union employees at the La Palma plant.

14. Since October 16, 2016, Greif has paid Covered Employees according to the wage rates set forth in Schedule A of the CBA

15. On November 28, 2016 the Union filed a grievance alleging violations of the CBA because Greif had implemented the wage rates as set forth in Schedule A.

16. The Union alleged that the Company had violated the CBA by paying six covered employees the rates set forth in Schedule A.

17. Section 7.01 of the CBA sets forth provisions regarding "Settlement of Disputes," which provides in relevant part that :

> Should a grievance arise between the Company and the Union or Employees, as to the interpretation, application, or compliance with the terms of this Agreement, there shall be no suspension or interruption of work on account of such grievance and a diligent effort shall be made to settle the grievance. Any grievance shall be presented within eight (8) days from the time the cause for the grievance arose, and if not presented within the time limit, it shall not be valid.

18. After the Union filed its grievance, its grievance was ultimately denied.

19. The Union pursued arbitration of the grievance pursuant to Section 7.02 Step 4 of the CBA, which states "[i]f the matter remains unsettled after completion of [Grievance Procedure] Step 3, it shall be submitted within twenty (20) calendar days to the Federal Mediation and Conciliation Service for Arbitration.

20. On September 19, 2017, Greif and the Union participated in arbitration hearings before Arbitrator Robert D. Steinberg.

21. Section 7.06 limits the powers of the Arbitrator. It states, in relevant part, as follows:

> The Arbitrator shall be empowered, except as limited below, to make decisions in grievances as defined in this Agreement. The limitations upon the Arbitrator are as follows: He shall:

  (A) Have no power to add to or subtract from, or modify any of the terms and conditions of this Agreement.

  (B) **Have no power to establish wage scales or change wages or rates of pay which appear in Schedule A,** or any place else, herein, unless the parties grant such authority, in writing. [Emphasis added.]

22. On January 30, 2018, Arbitrator Steinberg issued the Award that ignores the plain language of the CBA.

23. The Arbitrator's Award ignored the CBA's clear compensation structure clause in Section 19.01, which confirms that employees are to be paid by the scales provided in Schedule A.

24. The Arbitrator's Award further contravened the contractual restriction on the limits of the Arbitrator (Section 7.06), which specifically states that the arbitrator shall "have no power to establish wage scales or change wages or rates of pay which appear in Schedule A."

25. Moreover, the Award also contravened the CBA's explicit language in Section 7.04 that the award or decision of the Arbitrator "shall be within the scope and terms of this Agreement, but shall not change any of its terms, conditions, nor deprive the Company or the Union of any rights expressed or implied herein."

26. Accordingly, by contravening the express language in Sections 7.04, 7.06, and 19.22 of the CBA, the Arbitrator (1) exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made, (2) did not render a decision that drew its essence from the parties' collective bargaining agreement, and (3) rendered a decision that affirmatively contravenes federal law and public policy.

27. The Arbitrator wrongly and without legal or contractual authority decided that the "appropriate remedy is the restoration of the above-scale rates of the six affected employees effective the pay period ending November 19, 2016, and to

remain in effect through the 2016-2019 agreement unless earlier superseded by higher contractual wage rates set forth in Schedule A ort [sic] otherwise agreed to by the parties." *See* Ex. B, 9.

## CLAIMS FOR RELIEF

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as though fully set forth herein.

29. As a result of the foregoing, the Award should be vacated and set aside on the grounds that:

   a. The Arbitrator exceeded the authority granted to him under the terms of the Agreement;
   b. The Arbitrator acted in contravention of the terms of the Agreement;
   c. The Arbitrator evidenced a manifest disregard of the terms of the Agreement and issued an award unsupported by principles of contract construction;
   d. The arbitrator dispensed his own brand of industrial justice by substituting his judgment for that reserved to Greif under the Agreement;
   e. The Award ignores the plain language of the CBA;
   f. The Award fails to draw its essence from the Agreement;
   g. The Award is based on an impermissible modification, addition to, or disregard and/or abolishment of the provisions of the Agreement, in violation thereof; and,
   h. The Award contravenes established law and public policy.

30. Plaintiff has no adequate remedy at law, since only a judgment vacating the Award will provide Plaintiff with the relief required under these circumstances.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment vacating the arbitration Award, and award such other relief as may be just and proper.

Respectfully submitted,

Dated: March 20, 2018          RUTAN & TUCKER, LLP


By: /s/ Kenneth Zielinski
       Kenneth Zielinski

Attorneys for Plaintiff
GREIF PACKAGING LLC